IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

```
MITCHEL EMMERT,              )
                             )
Petitioner,                  )
                             )
vs.                          )       NO. 3:06-CV-433
                             )
WALTER E. MARTIN,            )
                             )
Respondent.                  )
```

## OPINION AND ORDER

This matter is before the Court on the Amended Petition for Writ of Habeas Corpus, filed by Petitioner, Mitchel Emmert, a *pro se* prisoner, on November 6, 2006 seeking relief under 28 U.S.C. section 2254. For the reasons set forth below, the habeas corpus petition is **DENIED** pursuant to Section 2254 Habeas Corpus Rule 4.

DISCUSSION

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Section 2254 Habeas Corpus Rule 4.

Emmert raises one ground attempting to challenge his demotion to credit class 2 and 180-day loss of good time on December 12, 2005, by the Reception and Diagnostic Center Disciplinary Hearing Board (DHB). At that hearing he was found guilty of escape in violation of A-108.

Sufficiency of the Evidence

Emmert argues that the evidence is not sufficient to support finding him guilty of escape. Emmert explains that:

> On December 3, 2005, Emmert left the Indianapolis Men's Work Release Center, arrived at his place of employment (Holiday Inn) left work at approximately 12:30 P.M., violating Code C-363 "Being absent from work/school" At 5:40 P.M. Officer Lane contacted Holiday Inn and discovered that petitioner had left work early, assumed the worst and prepared a Report of Conduct alleging violation of Code A-108 "Escape". At approximately 10:50 P.M. Sgt. Lewis discovered Emmert "leaning against the southeast side of the building".

Petition at ¶ 12.A., docket # 11 at 3.

Emmert argues that the facts only support the lesser offense of failing to return within prescribed time limits, but that is irrelevant. "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks,

citations, parenthesis, and ellipsis omitted).

> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.

*McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotations marks and citation omitted). "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 457 (1985). Therefore, "once the court has found the evidence reliable, its inquiry ends - it should not look further to see whether other evidence in the record may have suggested an opposite conclusion." *Viens v. Daniels*, 871 F.2d 1328, 1335 (7th Cir. 1989).

Here, as Emmert clearly admits, he left work early and did not return to the work release center for many hours after he should have. Though he was ultimately found leaning against the wall of the building, his absence is some evidence of escape. *See Superintendent v. Hill*, 472 U.S. 445, 456-57 (1985) (disciplinary action supported when inmate was one of three seen fleeing from scene of assault even when victim denied fellow inmates had assaulted him); *Hamilton v. O'Leary*, 976 F.2d 341, 346 (7th Cir. 1992) (discovery of weapon in area controlled by four inmates created twenty-five percent chance of guilt supporting disciplinary action); *Mason v. Sargent*, 898 F.2d 679, 680 (8th Cir. 1990) (disciplinary action supported when contraband was

found in locker shared by two inmates). The key difference between escape and failing to return within prescribed time limits is the intent of the inmate. Though Emmert could argue that he did not intend to escape and that he only intended to return late, it is not for this court to re-weigh the evidence and make such credibility determinations.

CONCLUSION

For the reasons set forth above, the habeas corpus petition is **DENIED** pursuant to Section 2254 Habeas Corpus Rule 4.

**DATED: November 16, 2006**          /s/RUDY LOZANO, Judge
                                      United States District Court